NOT DESIGNATED FOR PUBLICATION

Nos. 124,460
124,659

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GLORIA M. SANCHEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed December 23, 2022. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2021 Supp. 21-6820(g) and (h).

Before ISHERWOOD, P.J., ATCHESON, J., and TIMOTHY G. LAHEY, S.J.

PER CURIAM:  Gloria M. Sanchez appeals the district court's revocation of her probation and imposition of her underlying prison sentences in two criminal cases. We consolidated the cases on appeal and granted Sanchez' motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). The State did not respond to the motion. Based on our review of the record, we find the district court properly exercised its discretion in ordering Sanchez to serve her prison terms. Thus, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 2017 and 2018, Gloria M. Sanchez was charged with the commission of numerous crimes in Reno County under case numbers 17 CR 976 and 18 CR 518. Those in 17 CR 976 arose from an incident in October 2017, when Sanchez, along with a man who had a pending arrest warrant, were found in possession of methamphetamine, two handguns, a ballistic vest, a night vision camera, marijuana, a cigarillo, a digital scale, and three glass pipes used for methamphetamine. The glass pipes were discovered in a purse, marijuana was found in a makeup bag, and one of the handguns was in a woman's coat. Sanchez ultimately pleaded guilty to one count each of possession of methamphetamine and possession of marijuana.

The charges in 18 CR 518 arose out of an incident in May 2018, while Sanchez was on bond in 17 CR 976. She and Darrell Dove were found in a residence, from which Dove had been evicted, after the residence's owner called the police to report a potential burglary in progress. When law enforcement officers arrived, they discovered methamphetamine and drug paraphernalia associated with Sanchez and Dove.

Sanchez eventually pleaded guilty to possession of methamphetamine, use/possession with intent to use drug paraphernalia, criminal trespass, and interference with a law enforcement officer. The court conducted a consolidated sentencing hearing in February 2019, at which it granted Sanchez probation for 18 months, imposed underlying prison terms of 30 months in each of her two cases, and ordered them to run consecutively.

Roughly two months later, Sanchez received a three-day jail sanction for failing to report to Community Corrections and, in another instance, reporting late. Another two months passed, and the State again filed motions to revoke Sanchez' probation. This time she acquired new criminal charges in Ford County for possessing methamphetamine, as

well as drug paraphernalia, and driving with a suspended license. The State amended its motions a short time later to include Sanchez' admission to using methamphetamine on two separate occasions.

The district court held an evidentiary hearing on the matter in August 2019. Ford County law enforcement officers testified that Sanchez was pulled over while driving a stolen vehicle. Another individual was riding in the passenger seat, and following an inventory search of the vehicle, officers discovered a glass pipe that tested positive for methamphetamine. Sanchez' intensive supervision officer (ISO) also testified that Sanchez failed urinalysis tests (UAs), twice admitted to using methamphetamine, and began drug treatment in July 2019 even if only after, as the State described, "her back was against the wall." The ISO added that, according to Sanchez' treatment provider, Sanchez missed no appointments and was doing well in group sessions.

At the close of evidence, the State requested revocation of Sanchez' probation and imposition of her prison sentences. Sanchez countered that she had done reasonably well on probation and while she relapsed in June, she checked into rehab to get back on the right path. She therefore requested that the court allow her to remain in treatment and, if necessary, only impose a short sanction. The district court found Sanchez violated probation in both cases, imposed an additional 12 months of probation, and ordered a 60-day jail sanction. It also ordered that she have no contact with Darrell Dove, Sanchez' co-defendant in 18 CR 518.

About nine months later, the State again sought to revoke Sanchez' probation and asserted she violated the no-contact order with Dove, failed to notify her ISO that her employment was terminated, and tested positive for methamphetamine. Sanchez failed to appear at the initial hearing, so the State amended its revocation motions to reflect her absence, and the court issued a bench warrant for her arrest.

3

The parties reconvened for an evidentiary hearing on the motions a month later. The State called four witnesses, including Sanchez' former employer, Lawrence Lamp, who testified that Sanchez was terminated on March 20, 2020, as a result of not showing up to work. He acknowledged that Sanchez provided a medical note conveying that she was ordered to quarantine on March 18, 2020, based on COVID-19 symptoms but explained it was unclear when the business received the note.

Sharon Grennan, Sanchez' addiction counselor at New Chance in Dodge City, testified that Sanchez participated in outpatient individual and group sessions and that she tested positive for methamphetamine in February 2020. Yet that result did not prevent Sanchez from achieving a successful discharge from outpatient treatment.

Sonja Channel, the person responsible for supervising Dove's progress in Community Corrections, was also called by the State. As part of her testimony, the court took judicial notice of the records in Dove's case which revealed he stipulated to having contact with Sanchez in violation of the no-contact order.

Brennan Hadley, Sanchez' ISO for Reno County Corrections, testified that Sanchez did not inform her that she was fired, but also explained that Sanchez had since found employment at True Value. She also testified that Sanchez tested positive for methamphetamine in February 2020, but then denied using methamphetamine the next day. Hadley explained that New Chance successfully discharged Sanchez, based on the Senate Bill 123 program, even though Sanchez "made minimal progress in her [cognitive] treatment due to her non willingness to work on her behavioral skills and impulse decision making with her outbursts and disrupting [cognitive] groups." According to a report from New Chance, Sanchez declined to pursue outside support services following her discharge. Finally, Hadley explained that Sanchez resided in Dodge City when the COVID-19 pandemic began and therefore she did not report to her in person in Reno County. Sanchez was also not being supervised in Dodge City due to

4

COVID-19 restrictions, therefore, Hadley could not verify whether Sanchez was using drugs because there were not opportunities for UAs.

The State argued that Sanchez' pattern of drug use and dishonesty toward her ISO suggested that Community Corrections was not beneficial to her and allowing her to remain on probation could lead to another conviction down the road. It alternatively requested that the court order Sanchez to reside in Reno, rather than Ford County, to insulate her from the negative influences which contributed to her two most recent violations.

Sanchez responded there was not sufficient evidence to establish that she contacted Dove, that she did not report being terminated because she was fighting to get her job back, and that one failed UA did not warrant an extended prison sanction. She further asserted that she did not want to return to Reno County because her family and sobriety efforts were centered in Ford County.

The district court found that Sanchez violated her probation by disregarding the no-contact order, failing to inform her probation officer that she was terminated, and testing positive for methamphetamine. As for the disposition, it explained: "I think that the smart money agrees that Miss Sanchez has not taken this all that seriously. She has been in big, big, big trouble all this time and she has abused and squandered her opportunities to work her way out of that." The court also found that Sanchez lacked the necessary motivation or structure and determined that a 180-day prison sanction was appropriate followed by an extension of probation for 18 months. It also ordered her to reside in Reno County.

Nearly one year later, the State again pursued revocation of Sanchez' probation. As support it alleged that she was dishonest with her ISO about her current residence, failed to report law enforcement contacts on two different dates, visited Ford County twice

5

without her ISO's permission, failed to report as directed, and failed to maintain contact with her ISO in February 2021. Sanchez stipulated to the allegations which the court accepted and then revoked her probation. In response to the disposition question, Sanchez explained she currently resided at Oxford House, passed her UAs, attended church, participated in a faith-based recovery group, and worked with a sponsor. She claimed a determination to distance herself from drugs and that, unlike previous attempts, she was taking concrete steps to maintain her sobriety, noting that none of her current violations involved drug or alcohol use. Sanchez explained she went to Dodge City to visit her children and that the receptionist for Community Corrections told her it was acceptable to make the visits without authorization from her probation officer. She acknowledged the contact with law enforcement and explained it was simply because she was twice pulled over for a broken windshield and received tickets on both occasions.

Sanchez further offered that while her children's grandmother provided their day-to-day care, the task was very burdensome, and they all depended on her. Thus, a 60-month prison term for her would adversely affect her family. She acknowledged her previous attempts at sobriety were lukewarm, but she was currently at rock bottom so another chance to seek inpatient treatment and take advantage of the bed available to her at an inpatient facility in Newton would prove beneficial.

The State informed the court that the residence where Sanchez claimed to live was vacant and that her statements about visiting her children in Dodge City omitted the fact that both of her traffic stops occurred outside the Dodge City casino. It also pointed out that Sanchez was fortunate to receive plea deals in both cases that reduced her charges to drug possession, rather than distribution, and reminded the court that Sanchez violated her probation multiple times over several years. Not only that, but the history of the cases reflected the emergence of a pattern where Sanchez only exhibited improved behavior when her probation was in jeopardy and suggested this time was simply more of the same. Thus, imposition of her original sentences was appropriate.

6

The district court revoked Sanchez' probation and imposed her underlying sentences with the explanation that it had "no reason to believe that you're going to actually do what you say you're going to do because this is the [same thing] I hear every time. . . . The only time you ever say you're going to do something or even try to do something is when you're, like, on the doors closing on you."

Sanchez timely appeals to this court.

ANALYSIS

On appeal, Sanchez argues the district court abused its discretion by ordering her to serve her original sentence. We review a district court's decision to revoke probation for an abuse of discretion. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). A court abuses its discretion if the judicial decision is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. 315 Kan. 324, Syl. ¶ 1. Sanchez, as the party alleging an abuse of discretion, bears the burden of proof on appeal. 315 Kan. 324, Syl. ¶ 1.

Sanchez does not argue the district court made an error of fact and concedes it was legally authorized to revoke her probation and impose her original sentences. Sanchez' offenses occurred in October 2017 and May 2018. As a result, we apply K.S.A. 2017 Supp. 22-3716 when reviewing the district court's order revoking her probation. See *State v. McHenry*, No. 122,393, 2022 WL 2904021, at *2 (Kan. App. 2022) (unpublished opinion) (explaining "the applicable statute depends on the date the offenses occurred"). K.S.A. 2017 Supp. 22-3716(c)(1)(E) provides that a district court may revoke an offender's probation only if the offender previously served a 2- or 3-day jail sanction and a 120- or 180-day prison sanction. Sanchez acknowledges she served 3-day and 60-day jail sanctions, and a 180-day prison sanction. Therefore, the district court did not err as a matter of law.

7

Sanchez also fails to establish the district court acted unreasonably in its decision. That burden is fulfilled when it is established that no reasonable person would have adopted the same view. *State v. Gonzalez*, 290 Kan. 747, 755, 234 P.3d 1 (2010); *State v. Yotter*, No. 124,488, 2022 WL 3018153, at *2 (Kan. App. 2022) (unpublished opinion) ("So we may reverse the district court's decision only if it was unreasonable, meaning no other judicial officer would come to the same conclusion in a comparable situation."). It cannot be said that no reasonable person would have revoked Sanchez' probation and imposed her original sentences. In her motion for summary disposition, Sanchez suggests the district court abused its discretion because, at the most recent probation revocation hearing, she explained she hit rock bottom, was working with a sponsor, and staying at Oxford House.

The district court unquestionably acknowledged Sanchez' statements; it simply viewed them as measures indicative of a larger pattern where she only sought help when probation was in jeopardy. The record supports the district court's analysis. Sanchez was released on bond in case number 17 CR 976 then arrested and charged in case number 18 CR 518. Shortly after receiving probation, she served a 3-day jail sanction and then, later that year, entered inpatient treatment after the State moved to revoke her probation. She served a 60-day sanction followed by a 180-day prison sanction the next year. The State's next motion alleging violations prompted entry into Oxford House, attendance at church services, and inquiries regarding inpatient treatment facilities.

The record before us supports the district court's observation that Sanchez' remedial actions simply accompanied the specter of revocation and that a reasonable person could agree that she failed to correct her behavior despite receiving several opportunities to do so. We decline to find that imposition of her prison sentences constituted an abuse of discretion.

Affirmed.

8